# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| TRAMMELL CROW RESIDENTIAL COMPANY | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY | § § § § | |
| Defendant. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Trammell Crow Residential Company ("Trammell Crow") files this Original Complaint against Defendant American International Specialty Lines Insurance Company ("AISLIC") and would respectfully show the Court as follows:

### I.   PARTIES

1.      Plaintiff Trammell Crow is a Delaware corporation, with its principal place of business in Texas.

2.      Defendant AISLIC is an Illinois corporation, with its principal place of business in New York.  Service of process can be made on AISLIC at 175 Water Street, 18th Floor, New York, NY 10038-4976.

### II.   JURISDICTION & VENUE

3.      This paragraph incorporates by reference the foregoing allegations.

4.      Under 28 U.S.C. § 1332(a), this Court has diversity jurisdiction over this matter because Defendant is not a citizen of any state of which Plaintiff is also a citizen, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**PLAINTIFF'S ORIGINAL COMPLAINT**

5.      Under 28 U.S.C. § 1391, proper venue lies in the Northern District of Texas, Dallas Division.

### III.     FACTUAL BACKGROUND

**A.      AISLIC issues the Policy to Trammell Crow.**

6.      This paragraph incorporates by reference the foregoing allegations.

7.      This is an insurance coverage dispute.

8.      AISLIC issued Contractor Controlled Insurance Program ("CCIP") Policy No. GL 178-75-98 (the "Policy") to Trammell Crow for the policy period from September 13, 2006 to September 13, 2007.

9.      The Policy provides coverage for, among other things, sums that the insured becomes legally obligated to pay as damages because of "property damage" caused by an "occurrence" taking place in the "coverage territory."

10.     Under the Policy, the Named Insured is Trammell Crow and all contractors and/or subcontractors for whom Trammell Crow is responsible to arrange insurance.

11.     The Policy specifically applies to property damage arising out of any site or location at which any operations are performed in connection with a wrap up program. Additionally, the Policy provides extended completed operations coverage. In short, the Policy was intended to cover construction projects, including the project at issue in this case.

12.     Under the Policy, AISLIC has the right but not the duty to defend the insureds against suits. However, AISLIC is obligated to pay Allocated Loss Adjustment Expenses, which include defense costs, in excess of the Policy's Retained Limit, which is $375,000, and such payments will not reduce the limits of the Policy.

13.     The Policy has a $1,625,000 per occurrence limit, a $3,625,000 general aggregate limit, and a $3,625,000 products-completed operations aggregate limit.

**PLAINTIFF'S ORIGINAL COMPLAINT**

**B.**     **The One Belle Hall Plaintiffs file suit against Trammell Crow alleging that the apartment complex suffered water damage due to latent building defects.**

14.     This paragraph incorporates by reference the foregoing allegations.

15.     The One Belle Hall Property Owners Association, Inc. ("POA"), Francis E. Hill, and Marvin T. Meek (together, the "One Belle Hall Plaintiffs") filed suit against Trammel Crow, various TCR-related insureds, and others in South Carolina state court in 2013 (the "One Belle Hall Lawsuit").

16.     The One Belle Hall Plaintiffs alleged that Trammell Crow, along with its divisions, affiliates, subsidiaries, and subcontractors (together, "Trammell Crow"), designed, developed, constructed, and sold the One Belle Hall Horizontal Property Regime ("One Belle Hall"), an apartment complex consisting of 59 condominiums in four buildings located in Mount Pleasant, South Carolina. *See* Third Am. Compl., *One Belle Hall Prop. Owners Ass'n, Inc. v. Trammell Crow Residential Co.*, No. 2012-CP-10-7594, at ¶ 5, 25.

17.     The One Belle Hall Plaintiffs alleged that the apartment complex contained latent building defects after Trammell Crow finished constructing it. *See* Third Am. Compl. ¶ 74. They also claimed that Trammell Crow tried to repair the defects, but failed and/or otherwise negligently performed those attempted repairs. *See id.* at ¶ 74, 76.

18.     The One Bell Hall Plaintiffs also alleged that the latent building defects allowed "repeated water intrusion"—water damage—as a result of "failure of one or more components of the exterior building envelopes." *See id.* at ¶ 78. According to the One Belle Hall Plaintiffs, this water intrusion caused consequential damage to building components and other property, including non-defective building components and structural members. *See id.* at ¶ 77-78.

19.     In their Third Amended Complaint, the One Belle Hall Plaintiffs assert causes of action for negligence, gross negligence, breach of warranty, strict liability in tort, breach of

fiduciary duty, "Veil Piercing/Joint Venture/Agent/Alter Ego/Amalgamation," and unfair trade practices. *See id.* at ¶ 109-59.

20.     The One Belle Hall Plaintiffs seek over $13 million in damages, as well as attorneys' fees, costs of suit, and prejudgment interest. *See id.* at ¶ 159.

**C.     AISLIC assumes the defense of Trammell Crow in the One Belle Hall Lawsuit under a reservation of rights.**

21.     On August 24, 2015, AISLIC represented to Trammell Crow that it was electing to assume the defense of Trammell Crow and the other TCR defendants in the One Belle Hall Lawsuit under a reservation of rights.

22.     Additionally, AISLIC acknowledged that Trammell Crow had satisfied the Retained Limit under the Policy. Accordingly, AISLIC is responsible for the payment of all Allocated Loss Adjustment Expenses, which include defense costs incurred in defending Trammell Crow and the other TCR defendants in the One Belle Hall Lawsuit.

23.     In reserving rights, AISLIC has identified numerous unfounded exclusions in the Policy on which it relies to potentially exclude coverage in connection with the One Belle Hall Lawsuit. As a result, Trammell Crow has no assurances that it will be protected by AISLIC or that AISLIC will stand by its insureds in responding to a settlement or judgment in the One Bell Hall Lawsuit.

**D.     The One Belle Hall Plaintiffs file a related suit in federal court against AISLIC and Trammell Crow.**

24.     On June 19, 2015, the One Belle Hall Plaintiffs filed a federal action against AISLIC and Trammell Crow wherein the One Belle Hall Plaintiffs, as assignees of one of the insured subcontractors with whom they settled, complained solely against AISLIC for its inadequate investigation, wrongful denial of coverage, and failure to negotiate a resolution of the One Belle Hall Lawsuit. *See* Compl., *One Belle Hall Prop. Owners' Ass'n, Inc. v. Am. Int'l*

**PLAINTIFF'S ORIGINAL COMPLAINT**

*Specialty Lines Ins. Co.*, No. 2:15-cv-2477-RMG, (D. S.C. June 19, 2015) (the "Related Federal Action").

25.     Dragged into this related suit as a nominal defendant due to AISLIC's improper conduct, Trammell Crow tendered the claim to AISLIC on August 12, 2015, requesting and expecting that AISLIC defend and indemnify Trammell Crow in connection with the Related Federal Action.

**E.      AISLIC denies coverage for the Related Federal Action.**

26.     This paragraph incorporates by reference the foregoing allegations.

27.     On August 28, 2015, although not providing any formal response, AISLIC informed Trammell Crow that it was denying Trammell Crow's tender of defense and indemnity in connection with the Related Federal Action.

28.     Given that the Related Federal Action is an extension of the One Belle Hall Lawsuit, for which AISLIC has already assumed the defense for Trammell Crow, and was filed because of AISLIC's improper handling of the One Bell Hall Lawsuit, AISLIC's denial of coverage is inexplicable, inexcusable, and in bad faith.

## IV.     CAUSES OF ACTION

29.     Trammell Crow asserts the following causes of action against AISLIC:

**A.      Breach of Contract.**

30.     This paragraph incorporates by reference the foregoing allegations.

31.     The Policy is a valid and enforceable contract.

32.     Trammell Crow is the named insured under the Policy.

33.     Trammell Crow has satisfied all conditions under the Policy.

34.     AISLIC has breached its contract by failing to defend and indemnify Trammell Crow in connection with the Related Federal Action.

**PLAINTIFF'S ORIGINAL COMPLAINT**

35.     AISLIC's breach of contract has caused Trammell Crow substantial damages.

**B.     Declaratory Judgment.**

36.     This paragraph incorporates by reference the foregoing allegations.

37.     An actual, justiciable controversy exists between Trammell Crow and AISLIC regarding AISLIC's ongoing contractual obligation to indemnify Trammell Crow and all TCR-related insured defendants in connection with the One Belle Hall Lawsuit and its ongoing contractual obligation to defend Trammell Crow in the Related Federal Action.

38.     Under 28 U.S.C. § 2201, Trammell Crow seeks a declaration that AISLIC has a continuing duty to indemnify Trammell Crow and all TCR-related insured defendants under the Policy without reservation for the claims asserted in the One Belle Hall Lawsuit. Additionally, Trammell Crow seeks a declaration that AISLIC has a continuing duty to defend Trammell Crow in the Related Federal Action.

**C.     Chapter 542 of the Texas Insurance Code.**

39.     This paragraph incorporates by reference the foregoing allegations.

40.     Trammell Crow has made a claim for defense under the Policy relating to the claims asserted in the Related Federal Action and has satisfied all of the Policy's conditions.

41.     By wrongfully denying Trammell Crow's claim and by denying and/or delaying payment for defense, AISLIC has violated Chapter 542 of the Texas Insurance Code.

42.     As a result, Texas Insurance Code § 542.060 entitles Trammell Crow to damages including, in addition to the amount of its claim, interest at the rate of 18 percent per year, as well as reasonable attorneys' fees.

**D.     NOTICE OF INTENT TO PURSUE CLAIMS UNDER CHAPTER 541 OF THE TEXAS INSURANCE CODE.**

43.     This paragraph incorporates by reference the foregoing allegations.

**PLAINTIFF'S ORIGINAL COMPLAINT**

44.     Trammell Crow hereby notifies AISLIC of its intent to pursue claims under Chapter 541 of the Texas Insurance Code, as set forth below.

45.     AISLIC has misrepresented a material fact relating to coverage by representing that it would assume Trammell Crow's defense in the One Belle Hall Lawsuit but then refusing to offer a defense to Trammell Crow in the Related Federal Action, which is an extension of the One Belle Hall Lawsuit and was filed due to AISLIC's own improper conduct in connection with the One Belle Hall Lawsuit. By doing so, AISLIC's conduct has violated Texas Insurance Code §§ 541.060(a)(1).

46.     By denying coverage for the Related Federal Action and refusing to offer a defense, AISLIC has also failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which its liability has become reasonably clear. AISLIC also failed to effectuate a prompt, fair, and equitable settlement of the One Belle Hall Lawsuit—a case covered by the Policy. As a result, AISLIC's conduct has violated Texas Insurance Code §§ 541.060(a)(2)(A).

47.     AISLIC has also failed to provide a prompt and reasonable explanation to Trammell Crow of its basis for denying coverage for the Related Federal Action. In so doing, AISLIC has violated Texas Insurance Code § 541.060(a)(3).

48.     In addition, AISLIC has refused to pay Trammell Crow's claim without conducting a reasonable investigation, in violation of Texas Insurance Code § 541.060(a)(7).

49.     Finally, AISLIC made a material misstatement of law by claiming that the Policy does not cover the Related Federal Action. AISLIC also made an untrue statement of material fact when it represented to Trammell Crow that it would defend Trammell Crow in connection with the One Belle Hall Lawsuit, but then refused to offer a defense to Trammell Crow in the

Related Federal Action. As a result, AISLIC's conduct has violated Texas Insurance Code § 541.061.

50.     Trammell Crow has suffered substantial damages and attorneys' fees and will continue to incur substantial damages and attorneys' fees due to AISLIC's conduct.

51.     AISLIC knowingly committed one or more of the violations mentioned above. As a result, at the expiration of sixty days, Trammell Crow will seek, in addition to its actual damages, court costs, and attorneys' fees, an amount not to exceed three times the amount of its actual damages.

**E.     Attorneys' Fees.**

52.     This paragraph incorporates by reference the foregoing allegations.

53.     AISLIC's actions have forced Trammell Crow to retain the services of the law firm of Haynes and Boone, L.L.P. of Dallas, Texas.  Trammell Crow has agreed to pay Haynes and Boone a reasonable fee for its services necessarily rendered and to be rendered in this action. Chapter 38 of the Texas Civil Practice & Remedies Code and Texas Insurance Code §§ 542.060 and 541.152 entitle Trammell Crow to an award of its reasonable attorneys' fees against AISLIC, in an amount to be established at trial.

<h2 style="text-align:center">V.     JURY DEMAND</h2>

54.     Plaintiff requests a jury trial under FED. R. CIV. P. 38.

<h2 style="text-align:center">VI.     PRAYER</h2>

WHEREFORE, Plaintiff Trammell Crow respectfully requests that this Court grant it the following relief:

(1)     Judgment awarding Plaintiff all damages it has suffered due to the Defendant's breach of contract;

(2)     A declaration that Defendant has a continuing duty to indemnify Plaintiff without reservation in connection with the One Belle Hall Lawsuit;

**PLAINTIFF'S ORIGINAL COMPLAINT**

(3)     A declaration that Defendant has a continuing duty to defend Plaintiff in the Related Federal Action;

(4)     Judgment awarding Plaintiff all damages it has suffered as a result of the Defendant's violation of Chapter 542 of the Texas Insurance Code;

(5)     Judgment awarding Plaintiff all damages it has suffered as a result of the Defendant's violation of Chapter 541 of the Texas Insurance Code after expiration of the 60-day notice;

(6)     Judgment awarding Plaintiff all reasonable and necessary attorneys' fees and expenses incurred in this matter under Chapter 38 of the Texas Civil Practice & Remedies Code and Chapters 541 and 542 of the Texas Insurance Code;

(7)     Judgment awarding Plaintiff pre-judgment and post-judgment interest in the amount allowed by law;

(8)     Judgment awarding Plaintiff all costs of court; and

(9)     All other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

*/s/ Ernest Martin, Jr.*
Ernest Martin, Jr.
Texas Bar No. 13063300
*ernest.martin@haynesboone.com*
Tae Andrews
Texas Bar No. 24092041
*tae.andrews@haynesboone.com*
HAYNES AND BOONE, L.L.P.
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone:     (214) 651-5000
Telecopier:     (214) 651-5940

ATTORNEYS FOR PLAINTIFF TRAMMELL CROW RESIDENTIAL COMPANY

15346725_1

**PLAINTIFF'S ORIGINAL COMPLAINT**